**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| CHRISTIAN ALICIMEUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15cv740-REP-RCY |
| | ) | |
| IMMIGRATION CENTER OF | ) | |
| AMERICA, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants, Immigration Center of America, LLC ("ICA"), and Jeffery Crawford, Matthew Jackson, Russell B. Harper, Ken Newsome, Warren Coleman, and Mabel Logan ("the Individual "ICA Defendants" and together with ICA, "Defendants"), by counsel, submit the following as their Memorandum in Support of Motion to Dismiss for Failure to State a Claim:

**Introduction**

Plaintiff Christian Alicimeus ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, challenges his conditions of confinement as amounting to cruel and unusual punishment. He brings his claims against eleven defendants—one federal agency, two businesses, and eight individuals—claiming indiscriminately that each Defendant is failing to meet his medical needs such that he suffers cruel and unusual punishment. His claims should be dismissed primarily because of the indiscriminate manner in which he pleads. No Defendant can be expected to know what allegations are directed at whom. Moreover, Plaintiff has not pleaded sufficient facts to raise any alleged conduct to the level of "deliberate indifference," the standard that such claims must meet. Finally, Plaintiff's Complaint fails to plead any government action or action

under color of state or federal law, and is not entitled to relief under § 1983, the Fourteenth Amendment, or *Bivens*.  Despite the liberal pleading standard afforded *pro se* pleadings, this case must be dismissed.

### Statement of Facts[1]

The Complaint identifies ICA as "a local Contracted Detention Facility for illegal immigrants in Farmville, Virginia, under a contract with the United States Immigration and Customs Enforcement." (Compl. ¶ 11.)  It further explains that, "[i]n its capacity as a local Contracted Detention Facility unit, it has implemented, executed and adopted the policies, practices, acts, and omissions complained of herein through formal adoption or pursuant to facility and governmental custom." (*Id.*)  The Complaint then identifies each of the other ICA Defendants as employees, investors, or owners of ICA. (*Id.* ¶¶ 15-18.)  In conclusory fashion, Plaintiff then states that "[t]he *defendants* have actual or constructive knowledge of the policies, performance base national detention standards, practices, acts, and omissions complained of herein.  All of the policies, practices, acts, and omissions complained of herein are intentional policies, practices, acts, and omissions of the *defendants*." (*Id.* ¶ 19 (emphasis added).)

Without further elucidation, Plaintiff complains that "Defendants have promulgated a policy that Plaintiff must only receive two rolls of toilet tissue paper a week," and that such a policy amounts to "cruel and unusual" punishment. (*Id.* ¶ 26.)  Plaintiff also complains that, as a result of disorientation resulting from prescribed medicine, he fell out of his bunk and sustained "injuries to his head, neck, back and is now unable to maintain his balance." (*Id.* ¶¶ 29-30.)  Without further explanation, he then alleges that "Defendants fail to provide adequate pre-

---

[1] Although ICA Defendants intend to dispute many of the allegations in the Complaint, they are accepted as true solely for the purposes of this Motion to Dismiss. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004).

employment or in-service training for staff at the facility." (*Id.* ¶ 31.)  Based apparently on such alleged failures, his confinement is "dangerous, punitive, and unlawful," he "continue[s] to suffer a serious disregard for safety," and he "continue[s] to suffer serious psychological and emotional injuries." (*Id.* ¶¶ 33-35.)

Based on these allegations, Plaintiff brings claims for deliberate indifference, denial of due process of law, and cruel and unusual punishment.  (*Id.* ¶¶ 36-39.)  Defendants move to dismiss these claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure because they fail to adequately allege any recognized cause of action.

## Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted).  The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not assert "detailed factual allegations," it must nevertheless contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the

light most favorable to the plaintiff.  *T.G. Slater*, 385 F.3d at 841 (citation omitted).  Legal conclusions enjoy no such deference.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, "[a] document filed *pro se* is 'to be liberally construed.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)).  To that end, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Id.* (citation and internal quotation marks omitted).  At the same time, courts recognize that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim."  *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007); *Orthmann v. Apple River Campground*, 757 F.2d 909, 915 (7th Cir. 1985); and *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)).   "[W]hile the Court liberally construes pro se complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.  *Lewis v. Beach*, 2012 U.S. Dist. LEXIS 105308 (E.D. Va. July 26, 2012), aff'd, 2013 U.S. App. LEXIS 6500 (4th Cir. Apr. 1, 2013).

## Argument

The claims against Defendants should be dismissed for several reasons.  First, the manner in which Plaintiff has alleged facts does not put any Defendant on notice of what allegations are asserted against whom.   Rather, the Complaint simply identifies a number of entities and employees, and then indiscriminately claims that "Defendants" violated his rights.  Second, the Complaint does not sufficiently plead facts plausibly alleging a claim for cruel and unusual

punishment based on poor medical treatment, because the allegations do not rise to the required standard of "deliberate indifference."

Plaintiff has also failed to plead any facts to support state action, or action under color of state law, and therefore his claims constitutional claims fail as a matter of law.  Finally, Plaintiff cannot assert a *Bivens* claim against Defendants.

## A.    Indiscriminate Allegations

Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94, "even a *pro se* plaintiff must clear the modest hurdle of stating a plausible claim showing entitlement to relief." *Grenadier v. BWW Law Group*, No. 1:14cv827, 2015 U.S. Dist. LEXIS 11418, at *11 (E.D. Va. Jan. 30, 2015) (citations omitted).  In this vein, this Court has previously dismissed as implausible allegations against multiple defendants where it is unclear against whom each allegation is levied.  *Id.* ("[A]llegations of wrongdoing attributed to multiple defendants collectively may decrease the plausibility of the allegations when reviewed specifically in reference to individual defendants.") (citations omitted); *Alliance Tech. Grp., LLC v. Achieve 1, LLC*, No. 3:12cv701, 2013 U.S. Dist. LEXIS 4708, at *3 (E.D. Va. Jan. 11, 2013) ("In the Complaint now under review, many of the omnibus allegations against 'the Defendants' are conclusory, meriting minimal credit. . . .  [T]he Court must remain mindful of the indiscriminate character of those allegations against the 'Defendants.' While such pleading is not prohibited per se, it impacts the Court's plausibility analysis . . .").

Here, the allegations in the Complaint amount to nothing more than a listing of various defendants, including ICA and its employees, followed by mostly conclusory allegations related to the conditions of Plaintiff's confinement.  Here, it is implausible to conclude that all of those

indiscriminately-identified "Defendants" together engaged in the alleged conduct. Because of the brevity of such allegations, they are recited in their entirety as follows:

- "<u>Defendants</u> fail to provide adequate pre-employment or in-service training for staff at the facility. As a result, staff at the facility is unable to perform their duties properly or to adequately care, treat and protect Plaintiff [*sic*] constitutional rights and to be free from malpractice." (Compl. ¶ 31 (emphasis added).)

- "As a result of the policies, practices, acts, and omissions of <u>defendants</u>, as described herein, Plaintiff [*sic*] confinement in the detention facility is dangerous, punitive, and unlawful." (Compl. ¶ 33 (emphasis added).)

- "<u>Defendants</u> regularly subject Plaintiff to the policies, practices, acts, and omissions described herein, and will continue to confine Plaintiff under such conditions in the future unless Plaintiff is granted the relief requested herein." (Compl. ¶ 33 (emphasis added).)

Because it is unclear which Defendants were responsible for any of this alleged conduct, and especially since the allegations are conclusory, the Complaint fails to state a claim against the Defendants (or any defendant for that matter). Accordingly, the claims against Defendants ought to be dismissed.

**B.     Insufficient Allegations of Deliberate Indifference**

Although Plaintiff characterizes his claims as three separate claims for "deliberate indifference," "denial of due process of law," and "cruel and unusual punishment," fairly construed, his claim appears to be one for denial of medical care while in custody.

Of course, not "every claim by a prisoner that he has not received adequate medical treatment states a [constitutional] violation." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). And

although the Supreme Court has not ruled on whether a pretrial detainee's rights are greater than those of a convicted prisoner, such "rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citation omitted). Accordingly, at a minimum, a detainee pleads such a claim if he alleges facts showing that prison officials acted in a manner "sufficiently harmful to evidence *deliberate indifference* to serious medical needs." *Estelle*, 429 U.S. at 106 (emphasis added). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).[2]

Following *Estelle*, courts have developed a two-part test for evaluating § 1983 claims based on inadequate medical care. First, courts evaluate whether there are allegations of a "serious medical need." *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This is an objective inquiry which asks whether the plaintiff's alleged deprivation constitutes "a serious or significant physical or emotional injury resulting from the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions. . ." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Accordingly, a "serious" medical condition is one in which the failure to treat a prisoner's condition will result

---

[2] The "deliberate indifference" standard was developed to assess the claims of prisoners under the Eight Amendment, not necessarily pretrial or civil detainees. *Estelle*, 429 U.S. at 104. The standard of care for a pre-trial detainee who has not yet been convicted, however, is governed by the Due Process Clause of the Fifth and Fourteenth Amendments rather than by the Eighth Amendment. *See, e.g., Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992). Although the Supreme Court has said that the due process rights of pre-trial detainees are "at least as great" as the Eighth Amendment rights of a convicted prisoner, *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983), most courts have applied the "deliberate indifference" standard in both settings, *see Hill*, 979 F.2d at 991-92 (collecting cases). *See also O.K. v. Bush*, 344 F. Supp. 2d 44, 61 n.23 (D.D.C. 2004). Regardless, given the conclusory nature of the allegations here, Plaintiff has not even sufficiently pleaded a claim for negligence. Accordingly, the case should be dismissed under any standard, though the Defendants follow the majority approach of analyzing the allegations under the "deliberate indifference" standard.

in "significant injury" or "unnecessary and wanton infliction of pain." *Jackson v. Wiley*, 352 F. Supp. 2d 666, 675 (E.D. Va. 2004).

The Second prong under *Estelle* requires a showing of "deliberate indifference," such that the prison staff knew of, but disregarded "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. This is a subjective standard that focuses on a defendant's conscious disregard of a substantial risk of harm. *Id.* at 836-37. Thus, to be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837 (emphasis added). A mere "error of judgment" on the part of prison medical staff, or "inadvertent failure to provide adequate medical care, while perhaps sufficient to support an action for malpractice, will not constitute a constitutional deprivation redressable under § 1983." *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979). Thus, at a minimum, the plaintiff must allege facts sufficient to show that the treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Of course, a response which is reasonable cannot form the basis of a deliberate indifference claim. *Parrish*, 372 F.3d at 302.

Here, Plaintiff's allegations fail to meet either prong of the analysis. First, he offers no allegations of his injuries aside other than to say the he "sustained injuries to his head, neck, back and is now unable to maintain his balance." (Compl. ¶ 30.) And, although he appears to challenge the sufficiency of his medical treatment, he says no more than "staff at the facility is unable to perform their duties property or to adequately care, treat and protect Plaintiff [*sic*] constitutional rights and to be free from malpractice." (Compl. ¶ 31.) In short, he alleges that he sustained injuries and that his treatment has not been to his satisfaction. Such allegations fall far

short of allegations of malpractice, let alone the heightened standard of "deliberate indifference." Accordingly, on this additional basis, the claims against Defendants should be dismissed.

**C.   Plaintiff's constitutional claims fail to state a claim upon which relief may be granted.**

  1.   There is no state action to support a claim under 42 U.S.C. § 1983 or the 14th Amendment.

Plaintiff alleges that on June 20, 2015, he was detained by the Department of Homeland Security ("DoHS"), and placed in the custody of ICA by the DoHS.  (Compl. ¶¶ 23-24.)  Plaintiff further alleges that ICA "operates a detention center for illegal immigrants in Farmville, Virginia, under a contract with [DoHS], that he was detained at ICA's facility at the time this action was filed,  and that his claims arise out of the conditions of his confinement at ICA's facility.  (Compl. ¶¶ 1, 9, 22.)  Plaintiff pleads that each of the Individual ICA Defendants are employees or investors / owners of ICA.  (Compl. ¶¶ 15-18.)

Plaintiff does not allege any state action, or action under color of state law.  Indeed, his allegations are that ICA is a private entity, under contact with the federal government, and that the Individual ICA Defendants are employees of a private entity, not the state or federal government.   Accordingly, Plaintiff's Complaint establishes the *absence* of state action, and action under color of state law, and his claims under 42 U.S.C. § 1983 and the 14th Amendment fail as a matter of law.

  2.  Plaintiff cannot assert a *Bivens* claim.

To the extent the Court will treat Plaintiff's allegations as asserting an implied action for violation of his rights under color of federal law under *Bivens*, Plaintiff's claims also fail as a matter of law and must be dismissed.

       a.    *No Bivens claim is available against, ICA, a private entity.*

In 2001, the Supreme Court of the United States resolved a split of authority among the Courts of Appeals and held that no *Bivens* action can be maintained against a private entity.  *See Correctional Services Corporation v. Malesko,* 534 U.S. 61, 66, n. 2 ("The Courts of Appeals have divided on whether *FDIC v. Meyer* … foreclosures the extension of *Bivens* to private entities… We hold today that it does.").  In *Malesko* a former federal inmate was transferred by the federal Bureau of Prisons ("BOP") to a halfway house operated by Correctional Services Corporation ("CSC") under a contract with the BOP.  *Malesko*, 534 U.S. at 63-64.  The District Court, treating the Plaintiff's complaint as asserting a *Bivens* claim, and relying on *FDIC v. Meyer*, 510 U.S. 471 (1994), "reasoned that 'a Bivens action may only be maintained against an individual,' and thus was not available against [CSC], a corporate entity."  *Id*., 534 U.S. at 65. The Court of Appeals for the Second Circuit reversed the District Court's decision, and the Supreme Court granted certiorari.  *Id*., at 65-66.  In reversing the Court of Appeals, the Supreme Court emphasized that the "purpose of *Bivens* is deter individual federal officers from committing constitutional violations[,] and that "*Meyer* also made clear that the threat of a suit against an individual's employer was not the kind of deterrence contemplated by *Bivens*."  *Id*., at 70 (citing *Meyer*, 510 U.S. at 485).

Thus ICA, like CSC, is a private entity that is not subject to liability under *Bivens*. Accordingly, to the extent the Court treats Plaintiff's constitutional claims against ICA as *Bivens* claims, each is barred by *Malesko* and must be dismissed.

       b.    *No Bivens claim is available against the Individual ICA Defendants.*

In 2012, the Supreme Court of the United States resolved a split of authority among the Courts of Appeals to decide "whether we can imply the existence of an Eighth Amendment-

based damages action (a *Bivens* action) against employees of a privately operated federal prison." *Minneci v. Pollard*, 132 S. Ct. 617 (2012). In *Minneci*, Roy Lee Pollard, a federal prisoner at a prison operated by Wachenhut Corrections Corporation asserted a claim for damages against several individual employees of Wachenhut, contending that they deprived him of adequate medical care and subjected him to cruel and unusual punishment in violation of his Eight Amendment rights. *Minneci*, 132 S. Ct. at 620. After summarizing its unwavering refusal to expand the scope of *Bivens* actions in each case presented to it since 1980, the Supreme Court refused to recognize a *Bivens* claim against the employees of Wachenhut on the facts presented. *Id.*, at 626.

In reaching this conclusion, the Court rejected Pollard's arguments i) that allowing *Bivens* claims against private prison employees was not a  significant extension of existing authority that allowed *Bivens* claims against employees of the federal government working in prisons; ii) that due to the vagaries of state tort law, the Court should consider whether the plaintiff had an adequate remedy under federal law; iii) that available state remedies did not protect the constitutional interests at issue; and iv) that there may be similar kinds of Eighth Amendment claims that state tort law does not cover. *Id.*, at 623-626. With respect to Pollard's arguments that he had no adequate alternative remedy, the Court explained that it "has implied a *Bivens* action only where an alternative remedy against individual officers was 'nonexistent' or where plaintiff 'lacked *any alternative* remedy' at all." *Id.* at 624 (citing *Malesko,* 534 U.S. at 70)(emphasis in original). Moreover, the Court recognized that a state tort law remedy "may sometimes prove less generous than would a *Bivens* action," or forbid "recovery for emotional suffering unconnected with physical harm," and that "[s]tate-law remedies and a potential *Bivens* remedy need not be perfectly congruent" or "provide complete relief." *Id.*, at 625 (citations

omitted).   Yet these obstacles did not leave Pollard without any remedy at all, and therefore they were no justification to extend *Bivens* and create a new implied federal cause of action against private individuals.   The same is true in the instant case.   Plaintiff contends that the Defendants were "deliberately indifferent to his safety" (Compl. ¶ 37.) and "deprived him of his right to be free from cruel and unusual punishment." (Compl. ¶ 39.)   Viewed in the light most favorable to Plaintiff, his allegations are that he sought and received medical care, including medication, and that he was not properly supervised thereafter, resulting in a fall from his bed, and injuries. (Compl. ¶¶ 27-31.)   As in *Minneci v. Pollard,* these types of injuries may be addressed through other alternative remedies, including but not limited to claims for medical malpractice or simple negligence.   Because Plaintiff is not totally without any available alternative remedy, his complaint presents no grounds for extending *Bivens* to create liability for the Individual ICA Defendants, who are merely employees of a private detention facility.

Because the purpose of *Bivens* is to deter individual federal officers from committing constitution violations, "it is unclear how permitting a lawsuit against an individual who is not a federal officer could serve this purpose." *Holly v. Scott,* 434 F.3d 287, 291 (4th 2006).   Indeed, the Court is "not free to ignore the importance of a party's private status in our constitutional scheme."   *Id*.   *Holly* involved a claim by a prisoner who sued the prison staff and a prison doctor employed directly by a private corporation, Geo Group, Inc., that operated the prison in which he was held.   *Id*., at 288.   In rejecting the plaintiff's claims in *Holly*, the Court emphasized the necessity that constitutional claims under § 1983 require some action under color of law, and that the liability of private persons does not extend to situations that do not involve the deprivation of a federal right fairly attributable to the government.   *Id*., at 291-93.   By observing this important limitation, courts "… maintain the *Bill of Rights* as a shield that protects private citizens from the

excesses of government, rather than as a sword that they may use to impose liability upon one another.  *Id.*, at 292 (citing *Moose Lodge No. 107 v. Iris*, 407 U.S. 163 (1972).  The Court in *Holly* observed that there "exists ample reason to be even more cautious about imputing liability to private actors under *Bivens* than under § 1983 because the *Bivens* causes of action is "a device of judicial creation." *Id.*

Plaintiff does not allege that the Individual ICA Defendants have acted or failed to act in any way that would constitute federal action.  To the contrary, Plaintiff alleges that the "polices, practices, acts and omissions complained of herein are customs and usages of defendant, Immigration Center of America."  (Compl. ¶11).  The alleged actions of the Individual ICA Defendants, like those of the employees of the GEO Group, Inc. in *Holly*, are "not of a sufficiently federal character to create constitutional liability."  *Holly*, 434 F.3d at 292.

Although the Plaintiff's prayer for relief seeks damages as well as injunctive relief as a result of the alleged violation of his Eighth Amendment rights, his request for injunctive relief does not salvage his constitutional claims or distinguish his claims from those at issue in *Malesko* and *Holly*.  *See, Somie v. GEO Group, Inc.*, 2011 U.S. Dist. LEXIS 118546 (E.D. N.C. 2011)(agreeing with the reasoning of *Mathis v. GEO Group*, No. 2:08-CT-21-D (E.D. N.C. Nov. 9, 2009) that state action is required "regardless of whether plaintiff seeks damages or injunction from GEO under Bivens or Bell v. Hood[.]").

For all the foregoing reasons, Plaintiff's Complaint fails to state a *Bivens* claim against the Individual ICA Defendants, and his claims against each of them must be dismissed.

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court dismiss all claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:  January 8, 2016                         Respectfully Submitted,

                                                IMMIGRATION CENTER OF
                                                AMERICA, LLC,
                                                JEFFERY CRAWFORD,
                                                MATTHEW JACKSON,
                                                RUSSELL B. HARPER,
                                                KEN NEWSOME,
                                                WARREN COLEMAN,
                                                AND MABEL LOGAN


                                                _____/s/_____
                                                Edward E. Bagnell, Jr. (VSB No. 74647)
                                                ebagnell@spottsfain.com
                                                John M. Erbach (VSB # 76695)
                                                jerbach@spottsfain.com
                                                SPOTTS FAIN P.C.
                                                411 E. Franklin Street, Suite 600
                                                Richmond, VA  23219
                                                Telephone: (804) 697-2000
                                                Facsimile: (804) 697-2100
                                                *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 8th day of January, 2016, I will electronically file the foregoing Notice with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record, and I further certify that on the 8th day of January, 2016, I sent a copy of the foregoing by U.S. Mail to Plaintiff at the following address:

Christian Alicimeus
#A047629212
P.O. Box N
Farmville, VA 23901

_____/s/_____
Edward E. Bagnell, Jr. (VSB No. 74647)
ebagnell@spottsfain.com
John M. Erbach (VSB # 76695)
jerbach@spottsfain.com
SPOTTS FAIN P.C.
411 E. Franklin Street, Suite 600
Richmond, VA  23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Counsel for Defendants*